HENRY E. SMOAK v. CITY OF HAINES CITY, W. C. LOCKHART, as Mayor-Commissioner, M. D. GRAF, as City Clerk, and J. R. WADSWORTH and CLAY BINION, as City Commissioners.

185 So. 347.

Opinion Filed December 19, 1938.

Carver & Langston, for Appellant;

W Wallace Shafer, for Appellees.

TERRELL, C. J.—In November, 1938, the City of Haines City, in Polk County, enacted an ordinance providing for the issuance of $58,000.00 of Revenue Certificates to construct additions and improvements to its waterworks system, said revenue certificates to be payable solely from revenues derived from services furnished by said waterworks system to its customers and to be issued without an approving vote of the taxpayers as contemplated by Section 6, of Article IX, of the Constitution.

The ordinance was predicated on a finding of fact that the City of Haines City was the owner and operator of its waterworks system, that it had for years paid a net income over operating expenses, that the additions and improvements proposed to be constructed are essential and necessary, that the present waterworks system is inadequate for the present and future needs of the City, that the City has power to issue said Certificates and that the income from the waterworks system is sufficient to pay said revenue certificates as they mature in addition to operating expenses.

The appellant, a citizen and taxpayer of the City, as complainant filed his bill of complaint in the circuit court praying that the issuance of said revenue certificates be enjoined on the ground that the City is without power to issue them, that they are bonds which require an approving vote of the taxpayers as contemplated by Section 6, of Article IX of the Constitution, and that their issuance will exceed the city's allowable debt limit as prescribed in its charter. A motion to dismiss the bill of complaint was granted and this appeal was prosecuted.

The grounds urged for reversal of the decree below are identical with those urged in the circuit court to restrain the issuance of the Certificates. All these questions were considered and definitely answered contrary to the contention

of Appellant in ·McGoon v. Town of Miami Springs,· and cases therein cited, decided December 16, 1938.

· The charter provisions of the City have been examined and found ample to warrant the issuance of the revenue certificates. They are not such bonds or obligations as require an approving vote of the taxpayers as contemplated by Section 6, Article IX of the Constitution, and since they are paid from revenues derived from the waterworks system, the City as a taxing unit is not bound for them in any way. Neither do they offend against Charter provisions affecting the debt limit of the City.

The decree below is therefore affirmed on authority of . the last cited case, and cases therein cited.

Affirmed.

· WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.